IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENEE' L. MARTIN,

    Plaintiff,                                  No. CIV S 2:12-0970 MCE-EFB (PS)

    vs.

LITTON LOAN SERVICING, *et al.*,

    Defendants.                          <u>ORDER</u>

_____/

        On April 12, 2012, plaintiff, proceeding pro se, filed a complaint with this court stating various state and federal claims related to property located at 2428 Covered Wagon Circle, Elverta, California 95626 (the "subject property"). (ECF 1.) On the same day, plaintiff filed a motion for a temporary restraining order. (ECF 2.) For the reasons set forth herein, plaintiffs' motion is DENIED.

        A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).[1] The purpose of such an order is to preserve the

---

[1] The court notes it is unclear whether defendants have received actual notice. (*See* ECF 2-3, 4.) Plaintiff is directed to serve the complaint and moving papers on defendants promptly if she wishes to be heard regarding preliminary injunctive relief in the near future.

1

status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). The standards for issuance of a temporary restraining order are essentially the same as those for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 9 (2008). "In order to obtain preliminary injunctive relief, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (internal citation & quotation omitted); *see Stuhlbarg Int'l. Sales Co., v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical"). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Among other relief, plaintiff seeks an order "that Ocwen or its agents acting on their behalf are [sic] refrain from foreclosing upon, selling, transferring, conveying, evicting or any other conduct adverse to Plaintiff regarding" the subject property; that Ocwen Loan Servicing and their agents correct misreported credit information; and that Ocwen refrain from sending mail to the subject property. (ECF 3 at 2:10-23.)

The loss of one's home is sufficient to satisfy the irreparable injury element. *See Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150 (9th Cir. 2011) (holding eviction of Section 8 housing tenants constitutes irreparable injury); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir.1988) (holding threatened foreclosure presented an "immediate, irreparable injury"). Here, however, plaintiff

1  has not alleged that foreclosure or any other injury is imminent.  Rather, the majority of
2  plaintiff's complaint and motion relies on allegations that defendants failed to properly apply her
3  timely mortgage payments and that they send harassing mail to tenants at the subject property.
4  Plaintiff further alleges that defendants' behavior is bothersome and aggravates her medical
5  condition. (*See* ECF 2 at 2:12-14.)

6  Plaintiff has failed to show that a temporary retraining order is necessary to
7  protect the status quo. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only
8  on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief
9  as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
10 entitled to such relief.") Here, plaintiff has not adequately shown that irreparable injury is likely
11 to result if a temporary restraining order is not issued.  Plaintiff's motion is DENIED.

12 This matter is referred to the assigned district judge for further proceedings,
13 including the setting of a hearing on a preliminary injunction.

14 IT IS SO ORDERED.

15 DATED:  April 12, 2012.

UNITED STATES DISTRICT JUDGE

3