IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENEE L. MARTIN,

      Plaintiff,                                No. 2:12-cv-970-MCE-EFB PS

vs.

LITTON LOAN SERVICING, LP;
OCWEN LOAN SERVICING, LLC;
and DOES 1-30, inclusive,

                                      FINDINGS AND RECOMMENDATIONS

      Defendants.
_____/

      On August 20, 2012, plaintiff, who is proceeding *pro se*, filed a motion for a temporary restraining order ("TRO"). Dckt. No. 22. Her complaint alleges various state and federal claims related to property located at 2428 Covered Wagon Circle, Elverta, California 95626 (the "subject property"). Compl., Dckt. No. 1. Plaintiff now seeks to enjoin defendants, including Doe Defendants 1 and 2, who plaintiff now identifies as Western Progressive, LLC and Deutsche Bank National Trust, from "attempting to foreclose on [the subject property] or engaging in any other conduct adverse to Plaintiff regarding the [subject property]." Dckt. No. 22 at 4. Plaintiff seeks a temporary restraining order and an order to show cause regarding a preliminary

////

////

1

injunction.[1] *Id.*

Plaintiff previously moved for a temporary restraining order in April 2012, in which she sought an order "that Ocwen or its agents acting on their behalf are [sic] refrain from foreclosing upon, selling, transferring, conveying, evicting or any other conduct adverse to Plaintiff regarding" the subject property; that Ocwen Loan Servicing and their agents correct misreported credit information; and that Ocwen refrain from sending mail to the subject property. Dckt. Nos. 2, 3. That motion was denied because plaintiff failed to allege that foreclosure or any other injury was imminent and plaintiff failed to show that a temporary retraining order was necessary to protect the status quo since she did not adequately show that irreparable injury was likely to result if a temporary restraining order was not issued.[2] Dckt. No. 7 at 2-3.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

"The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)

---

[1] Plaintiff filed a proof of service of the motion on defendants Litton Loan Servicing, LP and Ocwen Loan Servicing, LLC, Dckt. No. 22-4, but it does not appear that she has served the motion on Western Progressive, LLC or Deutsche Bank National Trust, who plaintiff seeks to substitute as Doe Defendants 1 and 2, as required by Federal Rule of Civil Procedure 65(b) and Eastern District of California Local Rule 231.

[2] The matter was then "referred to the assigned district judge for further proceedings, including the setting of a hearing on a preliminary injunction." Dckt. No. 7 at 3. On April 13, 2012, the undersigned issued a minute order stating that "If plaintiff desires a hearing on her motion for a preliminary injunction, she shall notice the motion for hearing in accordance with Local Rules 230 and 231(d). The hearing shall be noticed before the assigned magistrate judge pursuant to Local Rule 302(c)(21)." Dckt. No. 8. Plaintiff did not notice the motion for a preliminary injunction for hearing.

1  (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis
2  of a temporary restraining order).  In order to be entitled to preliminary injunctive relief, a party
3  must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable
4  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
5  injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
6  2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008)).  Alternatively,
7  "'serious questions going to the merits' and a balance of hardships that tips sharply towards the
8  plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that
9  there is a likelihood of irreparable injury and that the injunction is in the public interest."
10 *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

11         As previously noted by this court, the loss of one's home is sufficient to satisfy the
12 irreparable injury element.  *See* Dckt. No. 7 at 2 (citing *Park Village Apartment Tenants Ass'n v.
13 Mortimer Howard Trust*, 636 F.3d 1150 (9th Cir. 2011) and *Sundance Land Corp. v. Cmty. First
14 Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988)).  However, the TRO motion and
15 plaintiff's complaint reveal that plaintiff does not reside at the subject property and therefore
16 would not be subject to losing her residence as a result of any foreclosure sale; rather, plaintiff's
17 tenants, who are not parties to this action or to the request for injunctive relief, are the
18 individuals who risk losing their home.  Dckt. No. 22 at 5; Dckt. No. 1, ¶ 22.  Additionally,
19 plaintiff's current TRO motion once again fails to sufficiently alleged that foreclosure or any
20 other injury is imminent.  Although plaintiff has alleged that a Notice of Default and Election to
21 Sell Under Deed of Trust has been filed against the property and that "Plaintiff believes that if
22 the Court does not oversee defendants' unlawful conduct, defendants will lock the tenants out
23 unlawfully 'immediately,' if the Court denies a temporary restraining order," Dckt. No. 22 at 4-
24 5, she has not alleged when the sale is scheduled to occur or any basis for her belief that the
25 tenants would be locked out "immediately."  Therefore, plaintiff has once again failed to show
26 ////

1 that a temporary retraining order is necessary to protect the status quo.[3]  *See Winter*, 555 U.S. at
2 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is
3 inconsistent with our characterization of injunctive relief as an extraordinary remedy that may
4 only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

5    Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for a temporary
6 restraining order and an order to show cause regarding a preliminary injunction, Dckt. No. 22, be
7 denied.[4]

8    These findings and recommendations are submitted to the United States District Judge
9 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
10 after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
13 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
14 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15 DATED:  August 22, 2012.

16
17                              EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE

---

22   [3] The court also notes that defendants Litton Loan Servicing LP and Ocwen Loan
23 Servicing, LLC have moved to dismiss plaintiff's complaint, arguing that the complaint fails to state any valid claims.  *See* Dckt. No. 16.

24   [4] Again, if plaintiff desires a hearing on her motion for a preliminary injunction, she may notice the motion for hearing before the undersigned in accordance with Local Rules 230 and
25 231(d).  Additionally, if plaintiff desires to amend her complaint to name new defendants, Dckt. No. 22-5 at 3, that motion to amend should be properly noticed for hearing before the
26 undersigned.