IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENEE L. MARTIN,

      Plaintiff,                                    No. 2:12-cv-970-MCE-EFB PS

      vs.

LITTON LOAN SERVICING, LP;
OCWEN LOAN SERVICING, LLC;
and DOES 1-30, inclusive,

                                          ORDER

      Defendants.

_____/

This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 16, 2012, the undersigned submitted without oral argument defendants' motion to dismiss plaintiff's original complaint, which was filed on April 12, 2012. Dckt. Nos. 16, 21. Then, on September 6, 2012, plaintiff filed a motion to amend her complaint, arguing that she has recently learned the identity of two of the Doe defendants. Dckt. No. 24. Therefore, plaintiff seeks leave to amend to add those two new defendants and, if applicable, new causes of action. *Id.* at 2. Plaintiff also attaches to her motion for leave to amend a copy of a recently recorded Notice of Default and Election to Sell Under Deed of Trust, which relates to the property at issue in her complaint. *Id.* at 4-6. Plaintiff noticed the motion to amend for hearing on October 10, 2012. *Id.*

1

Because plaintiff did not file her purported amended complaint within 21 days of the date defendants were served with the complaint or within 21 days of the date defendants served their motion to dismiss, plaintiff is not entitled to amend her complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) (providing that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Therefore, the court must look to Rule 15(a)(2). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in filing her motion to amend or that it was filed in bad faith. In fact, the motion to amend indicates that plaintiff only recently discovered the identity of two of the Doe defendants and indicates that the Notice of Default and Election to Sell Under Deed of Trust was not recorded until July 31, 2012. Further, the court cannot say at this time that amendment would be futile. Additionally, although two of the defendants have already filed a motion to dismiss the original

complaint, if plaintiff's amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can move to dismiss the amended complaint on similar grounds. Therefore, defendants have completed little or no work that would be disturbed by granting plaintiffs leave to file their amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff's motion for leave to amend will be granted and plaintiff will be given thirty days to file an amended complaint.[1] *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, defendants' motion to dismiss, Dckt. No. 16, will be denied as moot. Once filed, plaintiff's amended complaint will supersede the earlier complaint which that motion seeks to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend her complaint, Dckt. No. 24, is granted, and the October 10, 2012 hearing thereon is vacated.

2. Within thirty days of the date of this order, plaintiff shall file her amended complaint.

3. Defendants' motion to dismiss, Dckt. No. 16, is denied as moot.

4. Defendants shall file a response to plaintiff's amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

////

---

[1] Plaintiff's amended complaint shall be labeled "First Amended Complaint" and shall include all of plaintiff's allegations against all of the defendants. Plaintiffs is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes all earlier complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original complaint will no longer serve any function in this case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. Failure to file an amended complaint within the time prescribed herein may result in a recommendation that this action be dismissed for failure to prosecute and/or for failure to comply with this court's orders. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

SO ORDERED.

DATED: September 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4