1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RENEE L. MARTIN,
                                          No. 2:12-cv-970-MCE-EFB PS
11              Plaintiff,

12        vs.

13    LITTON LOAN SERVICING, LP;
      OCWEN LOAN SERVICING, LLC;
14    and DOES 1-30, inclusive,

15              Defendants.            FINDINGS AND RECOMMENDATIONS
      _____/
16

17        On November 14, 2012, the undersigned held a hearing on plaintiff's motion for a

18    preliminary injunction.  Dckt. No. 28.  Plaintiff appeared pro se; attorney Douglas Stastny

19    appeared on behalf of defendants.  As stated on the record and for the reasons stated on the

20    record, the undersigned recommends that the motion be denied without prejudice.

21        On October 11, 2012, plaintiff filed an amended complaint alleging various state and

22    federal claims related to property located at 2428 Covered Wagon Circle, Elverta, California

23    95626 (the "subject property").  First Am. Compl. ("FAC"), Dckt. No. 26.  Plaintiff now moves

24    for a preliminary injunction, arguing that defendants "have commenced an unlawful foreclosure

25    against [the] subject property and none of the defendant have any lawful rights to foreclose on

26    ////

1

Plaintiff."[1]  *Id.* at 2.  Therefore, plaintiff seeks to enjoin Deutsche Bank National Trust Company ("Deutsche Bank") and Western Progressive LLC ("Western Progressive") from foreclosing on the subject property.[2]  *Id.*

"The standards for granting a temporary restraining order and a preliminary injunction are identical."  *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf*. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir.2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).  In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008)).  Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A plaintiff seeking a preliminary injunction "must establish that irreparable harm is likely, not just possible."  *Id*. at 1131 (citing *Winter*, 555 U.S. at 20–21); *see also Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931) ("Injunction issues to prevent existing or presently threatened injuries.

---

[1] Plaintiff previously moved for a temporary restraining order in April 2012 and August 2012. Dckt. Nos. 2, 22. Both of those motions were denied because plaintiff failed to allege that foreclosure or any other injury was imminent and plaintiff failed to show that a temporary retraining order was necessary to protect the status quo since she did not adequately show that irreparable injury was likely to result if a temporary restraining order was not issued. Dckt. Nos. 7 at 2-3; Dckt. No. 23 at 3-4; *see also* Dckt. No. 37.

[2] While plaintiff's motion for a preliminary injunction asserts that she wants an injunction to prevent all defendants from foreclosing on her property, it appears that the only defendants who have initiated a foreclosure action against her are Deutsche Bank, who appears to be the trustee, and Western Progressive, who appears to be Deutsche Bank's agent. FAC, Ex. 20, at 109-11; Defs.' Req. for Jud. Notice, Dckt. No. 36, at 25-26.

2

1   One will not be granted against something merely feared as liable to occur at some indefinite
2   time in the future.").

3        Here, as discussed at the hearing on plaintiff's motion for a preliminary injunction,
4   defendants have not yet posted a Notice of Trustee's Sale and no sale date has yet been
5   scheduled for the subject property.  Additionally, at the hearing, defense counsel represented that
6   defendants would not notice such a sale until after the court has heard defendants' pending
7   motion to dismiss and/or the parties have conducted an early settlement conference.  Therefore,
8   plaintiff has failed to establish the irreparable injury element since she has not demonstrated that
9   irreparable harm is likely.  *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only
10  on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief
11  as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
12  entitled to such relief.").

13       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary
14  injunction, Dckt. No. 28, be denied without prejudice.

15       These findings and recommendations are submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17  after being served with these findings and recommendations, any party may file written
18  objections with the court and serve a copy on all parties.  Such a document should be captioned
19  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
20  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
21  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).
22  DATED:  November 15, 2012.

24                    EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE