1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RENEE' L. MARTIN,                        No.  2:12-cv-970-MCE-EFB PS

12              Plaintiff,

13        v.                                  STATUS (PRETRIAL SCHEDULING)
                                              ORDER
14   LITTON LOAN SERVICING LP, et al.,

15              Defendants.

16

17        On May 6, 2015, the case was before the court for a status (pretrial scheduling)

18   conference.[1]  The matter was also before the court for hearing on the court's March 25, 2015

19   order directing plaintiff to show cause why sanctions should not be imposed for her failure to

20   timely file a status report.  *See* ECF No. 137.  Attorney Joshua Mino appeared on behalf of

21   defendants; plaintiff appeared pro se.

22        For the reasons stated on the record, the March 25, 2015 order to show cause is discharged

23   and no sanctions are imposed.

24        After hearing, and pursuant to the parties' status reports, ECF Nos. 135, 137, the court

25   enters the following scheduling order:

26   /////

27   _____

28        [1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

SERVICE OF PROCESS

Service of process is undisputed and defendants have answered.

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are not disputed.

MOTION HEARING SCHEDULES

All law and motion, except as to discovery, shall be completed by November 18, 2015. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel (and/or pro se parties) are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

/////

2

DISCOVERY

Pursuant to Rule 26(a)(1)(C) the parties shall make their initial disclosures no later than May 20, 2015.  All discovery shall be completed by August 12, 2015.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than September 16, 2015.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before Judge England for November 17, 2016 at 2:00 p.m., in Courtroom No. 7.  Counsel are cautioned that counsel appearing for pretrial will in fact try the matter.  Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 281, the parties shall submit a joint pretrial statement not later than fourteen (14) days prior to the pretrial conference.  The joint pretrial statement shall conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual issues shall be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issues.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial.  The court is not interested in a listing of all

3

1   evidentiary facts underlying the issues that are in dispute.  The joint statement of undisputed facts

2   and disputed factual issues is to be filed with the court concurrently with the filing of the joint

3   pretrial statement.

4           Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their

5   pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for

6   what purpose.  These lists shall not be contained in the pretrial statement itself, but shall be

7   attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's

8   exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The

9   pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial

10  not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.

11  On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be

12  viewed as an abuse of the court's processes.

13          Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their

14  duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and

15  the elimination of meritless claims or defenses; (b) settling of facts which should be properly

16  admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must

17  prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with

18  these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF

19  SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of

20  claims or defenses, or such other sanctions as the court deems appropriate.

21  TRIAL SETTING

22          A jury trial is set to commence before Judge England on January 9, 2017 at 9:00 a.m., in

23  Courtroom No. 7.  The parties anticipate the trial will take 3 days.

24  SETTLEMENT CONFERENCE

25          A settlement conference will be set at the request of the parties.  If the parties conclude

26  that an earlier settlement conference would likely resolve the case, they may contact the clerk to

27  request that one be scheduled.

28  /////

4

SUMMARY OF ORDER

       The Court summarizes this order as follows:

       1.  The parties shall make their initial disclosures by May 20, 2015.  All discovery shall be completed by September 16, 2015.  Motions to compel discovery must be heard no later than August 12, 2015.

       2.  The parties shall make their initial expert disclosures on or before June 17, 2015 and rebuttal disclosures by July 15, 2015.

       3.  All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before November 18, 2015.

       4.  The final pretrial conference is set before Judge England on November 17, 2016 at 2:00 p.m., in Courtroom No. 7.  Pretrial statements shall be filed in accordance with Local Rules 281 and 282, and the requirements set forth herein.

       5.  A jury trial is set to commence before Judge England on January 9, 2017, at 9:00 a.m., in Courtroom No. 7.

       6.  The March 25, 2015 order to show cause is discharged and no sanctions are imposed.

       IT IS SO ORDERED.

DATED:  May 6, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5