UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENEE' L. MARTIN,

        Plaintiff,

    v.

LITTON LOAN SERVICING LP, et al.,

        Defendants.

No.  2:12-cv-970-MCE-EFB PS

ORDER

On January 6, 2016, the remaining defendants in this action filed a motion for summary judgment and a motion to dissolve the preliminary injunction entered in this case. ECF Nos. 162, 163.

As a threshold matter, plaintiff contends that she did not receive adequate notice of the motion. The contention lacks merit. Defendants originally noticed their motions for hearing on February 11, 2016, before the assigned district judge. *Id.* The motions were not noticed in compliance with the court's local rules, *see* E.D. Cal. L.R. 302(c)(21) (referring to magistrate judges matters where all plaintiffs or defendants are proceeding *in propria persona*), and the hearing was vacated and defendants were ordered to re-notice the motions before the undersigned. ECF No. 165.

Thereafter, defendants re-noticed their motions for hearing on February 10, 2016, before the undersigned. ECF Nos. 166, 167. Local Rule 230(b) provides that all motions set for hearing

1

shall "be heard not less than twenty-eight (28) days after service and filing of the motion." Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by January 27, 2016.

On January 27, 2016, plaintiff filed a "Request and Opposition" to defendants' motions. ECF No. 168. In this pleading, rather than addressing the merits of defendants' motions, plaintiff argues that the motions were not noticed for hearing in compliance with Local Rule 230, and therefore she requests that the hearing on the motions be vacated. Specifically, plaintiff argues that she did not receive the required 28-day notice provided in Local Rule 230(b). She explains that she was conventionally served with the notices of the hearing by mail pursuant to Federal Rule of Civil Procedure ("Rule") 5(b)(2)(C). ECF No. 168 at 5-6. She contends that under Rule 6(d) defendants were required to add three additional days to the 28-day notice requirement provided in local rules, and therefore the notices filed and served on January 12, 2016, only 29 days before the hearing, failed to comply with Local Rule 230(b). *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) . . . , 3 days are added after the period would otherwise expire under Rule 6(a)).

Here, plaintiff was originally served with defendants' motions on January 6, 2016, 35 days before the currently scheduled hearing date. ECF Nos. 132-2, 136-6. Although the hearing had to be re-noticed, plaintiff was served a copy of the motions more than 31 days before the scheduled hearing date, which is sufficient under the court's Local Rules. *See* E.D. Cal. L.R. 230(b) ("The [motion] shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard not less than twenty-eight (28) days after service and filing of the motion."). Accordingly, plaintiff was given adequate notice of the hearing and more than sufficient time to prepare a response to the motions.

In any event, the motions are currently set to be heard on February 10, 2016, and plaintiff has not filed an opposition addressing the merits of defendants' motions as required by Local Rule 230. Accordingly, plaintiff is ordered to file either an opposition or a statement of non-

opposition to the motions by February 24, 2016.  Plaintiff is admonished that failure to comply with this order may result in the imposition of sanctions as well as a recommendation that the motions be granted.

    Accordingly, it is hereby ORDERED that:

    1.  The hearing on defendants' motion for summary judgment and motion to dissolve the preliminary injunction is continued to March 9, 2016.

    2.  Plaintiff shall file and serve an opposition or a statement of non-opposition to the pending motions on or before February 24, 2016.

    3.  Failure of plaintiff to file an opposition to the motions will be deemed a statement of non-opposition thereto, and may result in a recommendation that defendants' motions be granted.

    4.  Defendants' reply, if any, shall be filed by March 2, 2016.

DATED:  February 4, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE