UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE L. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>LITTON LOAN SERVICING LP, et al.,<br><br>    Defendants. | No.  12-cv-00970-MCE-EFB<br><br>FINAL PRETRIAL ORDER<br><br>TRIAL DATE: May 22, 2017<br>TIME: 9:00 a.m. |

Pursuant to Court Order dated April 3, 2017, the Final Pretrial Conference previously scheduled for April 6, 2017, was VACATED after pro se Plaintiff Renee L. Martin ("Plaintiff") failed to file a trial brief, exhibit lists, witness lists, motions in limine, or oppositions to the sole remaining Defendant Ocwen Loan Servicing LLC's ("Defendant") Motion to Strike (ECF No. 204) or Motions in Limine (ECF Nos. 205-208) as required by the Court's Pretrial Scheduling Order ("PTSO").  See ECF Nos. 197, 211.  Plaintiff was also ordered to show cause ("OSC") why the remaining claims should not be dismissed for failure to prosecute or to comply with the rules or a court order.  See ECF No. 211. Plaintiff responded by providing physician's notes indicating without explanation that she had been placed off of work for several weeks beginning on March 8, 2017.  ECF No 213.  She also subsequently filed purported oppositions to two of Defendant's motions in limine and a motion to continue the trial.  ECF Nos. 216-18.  To date, Plaintiff has made

1

no attempt to designate any witnesses or exhibits for trial, nor has she opposed Defendant's Motion to Strike.

Plaintiff's response is wholly insufficient to warrant continuation of any of the dates previously set by this Court. Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). Prior to the final pretrial conference in this matter the Court can modify its PTSO upon a showing of "good cause." See Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> A district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted). Plaintiff has not even attempted to show that she was diligent in seeking to continue the trial date. Nor has she shown substantive good cause necessitating more time. Accordingly, Plaintiff's Motion for an Extension of Time and a New Date for Trial (ECF No. 218) is DENIED. Her oppositions to Defendant's Motions in Limine (ECF Nos. 216-217) and her Trial Brief (ECF No. 214) are STRICKEN, and Defendant's Motion to Strike and Motions in Limine are GRANTED as unopposed.[1]

Based on Plaintiff's Response to Order to Show Cause (ECF No. 215), however, the Court will nonetheless discharge the OSC and confirm this matter for trial. Having reviewed the docket in its entirety, the Court makes the following findings and orders:

///

///

---

[1] Alternatively, the Court finds the Motions supported by the law and the record in this case such that they should be granted on the merits as well.

2

I.  JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331. Jurisdiction and venue are not contested.

II.  NON-JURY

The Court granted above Defendant's unopposed Motion to Strike Plaintiff's Jury Demand. See ECF No. 204. Accordingly, this matter will be tried by the Court.

III.  UNDISPUTED FACTUAL ISSUES

The parties have not stipulated to any facts.

IV.  DISPUTED FACTUAL ISSUES

The remaining claims for trial are:

A.  Plaintiff's Disputed Facts

1.  Plaintiff disputes that Ocwen is not a debt collector by correspondence from Ocwen to Plaintiff identifying itself as a debt collector.

2.  Plaintiff disputes all of Ocwen's facts.

B.  Defendant's Disputed Facts

1.  Ocwen's serviced debt is not a "debt" covered by the FDCPA.

2.  Ocwen did not make repeated, harassing and abusive calls to Plaintiff for the purposes of debt collection.

3.  Ocwen made calls to Plaintiff to make initial contact with its new customer and offer her the opportunity to discuss her foreclosure prevention alternatives.

4.  Ocwen made calls to Plaintiff because it was not able to reach Plaintiff to discuss the foreclosure prevention alternatives.

5.  Defendant did not make calls to Plaintiff without notifying who the caller was in a meaningful manner.

6.  Once Plaintiff requested that Ocwen stop calling her, Ocwen ceased making calls.

7. If a violation did occur, it was a bona fide error because Ocwen has policies and procedure in place to avoid such violations.

All issues of fact remaining in dispute are subject to proof at the time of trial.

V. <u>WITNESSES</u>

Plaintiff has not designated any witnesses.

Defendant anticipates calling the witnesses listed on Attachment "A".

Each party may call a witness designated by the other.

    A. **No other witnesses will be permitted to testify unless:**

        **(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or**

        **(2) The witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in "B" below.**

    B. Upon the post-pretrial discovery of witnesses, the attorney[2] shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

        (1) The witnesses could not reasonably have been discovered prior to pretrial;

        (2) The Court and the opposing counsel were promptly notified upon discovery of the witnesses;

        (3) If time permitted, counsel proffered the witnesses for deposition;

        (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel or the pro se party.

    C. All witnesses, other than parties who will testify as witnesses, are to remain outside the courtroom until called to testify unless otherwise ordered by the Court. Witnesses who fail to comply with this order may be precluded from testifying.

---

[2] References to "attorney" or "counsel" shall be interpreted to refer to pro se parties as well.

## VI. EXHIBITS - SCHEDULES AND SUMMARIES

At present, Plaintiff has not designated any exhibits.

At present, Defendant contemplates by way of exhibits those listed on Attachment "B".

**Defendant's exhibits shall be listed alphabetically.** The parties shall use the standard exhibit stickers provided by the Court Clerk's Office (blue for Defendant). After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)" to reduce confusion during the trial. Exhibits shall be one-sided only, and all multi-page exhibits shall be stapled or otherwise fastened together with each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.

A. **No other exhibits will be permitted to be introduced unless:**

**(1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or**

**(2) The exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B", below.**

B. Upon the post-pretrial discovery of exhibits, the parties shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

(1) The exhibits could not reasonably have been discovered prior to pretrial;

(2) The Court and the opposing party's counsel were promptly informed of their existence;

(3) The party or the party's counsel forwarded a copy of the exhibit(s) (if

physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing counsel.

  C. As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) by **May 15, 2017**.  The attorney or representative for each party is directed to present the original and two (2) copies of the exhibit(s) and exhibit list to the Court Clerk's Office, no later than **3:00 p.m., May 15, 2017**, or at such earlier time as may be ordered by the Court. **NO EXCEPTIONS.**

  D. **The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.**

VII. <u>DISCOVERY DOCUMENTS</u>

  A. <u>Filing Depositions</u>.  It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court.  In addition, two unmarked copies of the transcripts must be delivered to the Court Clerk's Office.  Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

  B. <u>Use of Depositions</u>.  The parties are ordered to file with the Court and exchange between themselves by **May 15, 2017** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

  C. <u>Interrogatories</u>.  The parties are ordered to file with the Court and exchange between themselves by **May 15, 2017** the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

VIII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference. That Order is confirmed. The parties are free to engage in informal agreements regarding discovery and law and motion matters. However, any such agreements will not be enforceable in this Court.

IX. AUDIO/VISUAL EQUIPMENT

The parties are required to file electronically a joint request to the Courtroom Deputy Clerk, Stephanie Deutsch, by **May 15, 2017,** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

X. DATE AND LENGTH OF TRIAL

A court trial is scheduled for **May 22, 2017, at 9:00 a.m.**. The estimated length of trial is **1 day.** Counsel are to call Stephanie Deutsch, Courtroom Deputy, at (916) 930-4207, by **May 15, 2017** to ascertain the status of the trial date. The Court will permit each side up to fifteen (15) minutes for closing arguments. Plaintiff will be permitted to reserve time for rebuttal purposes but will be required to monitor any time so reserved.

XI. OBJECTIONS TO PRETRIAL ORDER

Each party is granted five (5) court days from the date of this Final Pretrial Order to object to any part of the order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: April 25, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE