UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE L. MARTIN, | No. 2:12-cv-00970-MCE-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| LITTON LOAN SERVICING LP, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Reconsideration (ECF No. 223) of the Court's prior Order (ECF No. 221) denying Plaintiff's Motion for an Extension of Time and New Trial Date (ECF No. 218), which Defendant opposes (ECF No. 224). For the following reasons, that Motion is DENIED.

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all. Taylor, 871 F.2d at 805.

1

Since this motion is was timely filed, the Court will treat it as a Rule 59(e) motion.

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)). A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation. 389 Orange St. Partners, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805.  This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009 (internal citations omitted).  Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional change to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

Plaintiff offers insufficient justification to warrant reconsideration of this Court's prior order.  Instead, she rehashes her prior arguments with a bit more detail, vaguely elaborating on her medical condition and the opinions she's received indicating she will require surgery.[1]  Plaintiff still has not explained to the Court, however, how she exercised the requisite due diligence in seeking through her prior motion to modify the Court's scheduling order.  Nor has she explained how her medical condition has changed since the Court's prior order or how it prevents her from preparing for trial.

---

[1] The Court is cognizant that Plaintiff was in a car accident at the beginning of this month as well, but absent substantiated information as to how that accident interferes with Plaintiff's ability to prepare for trial, it has no bearing on the Court's decision.

3

To the contrary, it appears from Plaintiff's papers that she has been advised for weeks that "immediate surgery" may be necessary, but nothing has yet been scheduled. Moreover, this action is five years old, has been set for trial on the current date for months, and only small discrete issues remain to be tried. Given the age of this case and Plaintiff's ability to file multiple motions and trial documents over the last few months, it is apparent to the Court that Plaintiff is not only intimately familiar with the remaining claims, but is also more than capable of participating in a one-day bench trial. In sum, Plaintiff has failed to show "strongly convincing" facts warrant reconsideration. Accordingly, for the reasons just stated and those articulated in Defendant's Opposition, Plaintiff's Motion (ECF No. 223) is DENIED. This matter is CONFIRMED for trial on Monday, May 22, 2017, at 9:00 a.m. in Courtroom 7.

    IT IS SO ORDERED.

Dated: May 18, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE